UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
STE

2019 MAY 28 P 12: 36

cc

Tyronne C Sutherland:

441 Sunset Drive,

Slidell, La. 70460:

Planiff,:

v.:

Orleans Parish Sheriff's Office, Sheriff Marlin N. Gusman,

Dir. Gary Maynard, Dir. Johnette Staes, Col. Scott Colvin,

Capt. Cathy Taylor:

2800 Perdido St.

New Orleans, La. 70119

Defendant:

19-10773

SECT. I MAG. 1

GENDER DISCRIMINATION/RETALIATION COMPLAINT

The Plaintiff, Tyronne C Sutherland, a former employee of the Orleans Parish Sheriff's Office sues the defendant Orleans Parish Sheriff's Office. In support, plaintiff states as follow:

Plaintiff Tyronne Sutherland resides at 441 Sunset Drive, Slidell, La

Defendant's domain is 2800 Perdido St. In New Orleans. The registered agent for the defendant is located at the same location.

This gender discrimination/retaliation is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended. The jurisdiction of this court is invoked by the plaintiff pursuant to 28 U.S. C. 1331, 1343 (4) and 28 U.S.C. 2201 and 2202. This lawsuit is brought to " The Civil Rights Act of 1866, " 42 U.S.C. 1981 and 1981a and The Civil Rights Act of 1964, 42 U.S.C. 2000e et seq., as amended by the Civil Rights Act of 1991. Equitable and other relief is sought under 42 U.S.C. 2000e-5(g).

Plaintiff is a male citizen of the United States and a resident of the state of Louisiana was employed by Orleans Parish Sheriff's Office as a Food Service Specialist/Lieutenant for 28 years before he was forced into retirement June 2017 due to a gender discrimination complaint that was filed against Capt Katy Taylor.

On June 14, 2017, a Charge of Gender Discrimination was filed with the Equal Employment Opportunity Commission (EEOC) alleging gender discrimination. On March 7, 2019 a Notice of Right to Sue letter was issued by the EEOC, a copy of which is attached hereto as Exhibit "A".

During the limited amount of time that Capt.Taylor was assigned to the Food Service Division she created an environment which encouraged and fostered a hostile work environment for Lt. Sutherland and several male employees due to their gender.Such conduct was ongoing, open, and notorious. Simply put, Capt Taylor is clearly prejudice toward the male speces. Her actions were open, active, and unshamed. The discrimination and abuse was ignored by the Sheriff 's Office after numerous complaints from the plaintiff and several other male employees.

Male employees that were assigned to the Food Service Division were subjected to a stricter level of scrutiny than similar situation involving the female employees under the leadership of Capt Taylor. Male

Fee 400.00
Process
X Dktd
CtRmDep
Doc. No.

employees were repeatedly written up, reprimanded and disciplined for relatively minor mistakes, the plaintiff was directly order to carry out these disciplinsry actions even though he objected, the plaintiff was threatened with disciplinary actions if he did not carry out a direct order. The same behavior from similar situations committed by the female employees were largely ignored even when discovered. There were female deputies that reported late for duty consistently, when Capt. Taylor was made aware of these violations she refused to take any disciplinary actions. Dep. Andrea Baker resigned because of the favoritism after being written up for an unwarranted write up, Dep. Bobby Randle was also written for the same infraction. Dep. Tarius Smith resigned because he was frustrated with the discrimination that was being displayed by Capt Taylor and Dep.Robert Richardson was terminated because of some unforeseen reason, Capt Taylor had stated on several instances that she never like Dep. Richardson because she stated that he was slow.

At one point the Plaintiff was told by Capt Taylor that they did not really need male Security Deputies working in the Food Service Division. Plaintiff expressed his concerns to the defendant via formal complaint on several occasions but to no avail. The defendant failed to take any remedial action. Instead the plaintiff was forced into early retirement or accept a transfer and a reduction in salary.

The Orleans Parish Sheriff's Office is liable under Title VII for such discrimination and retaliation it knew, or should have known of the discrimination but failed to take prompt and remedial action. Instead it did just the opposite. It condoned, ratified and otherwise allowed the discriminatory behavior to continue.

As a result the defendant transferred the plaintiff from a position in which he has held for twenty eight (28) years and was forcing the plaintiff to take a three hundred dollar ($300) per period reduction in pay. Because of the actions taken by the defendant, the plaintiff was forced to take an early retirement two years short of the maximum retirement benefits of thirty (30) years.

WHEREFORE, Plaintiff, Tyronne Sutherland, respectfully request that this Court enter judgment against the Defendant and provide the following relief:

a. Award actual damages, including appropriate amounts of back pay due to forced early retirement. Compensation for the two year reduction from the plaintiff's pension plan because of early retirement.

b. Award compensatory for gender discrimination, retaliatory forced retirement, and hostile work environment

c. Award costs, reasonable attorney and legal fees

d. Grant any and all appropriate relief, which the Court deems necessary and appropriate.

*[signature]*

Tyronne Sutherland
441 Sunset Dr, Slidell, LA. 70460
504-251-1847
5-25-19